PROB 12C
(6/16)

Report Date: June 27, 2019

# United States District Court

for the

# Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 28, 2019

SEAN F. McAVOY, CLERK

## Petition for Warrant or Summons for Offender Under Supervision

| | |
|---|---|
| Name of Offender: Brandon W. Blakeley | Case Number: 0980 2:17CR00152-RMP-1 |

Address of Offender:

Name of Sentencing Judicial Officer:  The Honorable Rosanna Malouf Peterson, U.S. District Judge

Date of Original Sentence: January 25, 2018

| | |
|---|---|
| Original Offense: | Felon in Possession of a Firearm and Ammunition, 18 U.S.C. §§ 922(g)(1) and 924(a)(2) |
| Original Sentence: | Prison - 24 months<br>TSR - 36 months |
| | Type of Supervision: Supervised Release |
| Asst. U.S. Attorney: | Matthew F. Duggan |
| | Date Supervision Commenced: May 31, 2019 |
| Defense Attorney: | Federal Defender's Office |
| | Date Supervision Expires: May 30, 2022 |

## PETITIONING THE COURT

To issue a **warrant** and to incorporate the violation(s) contained in this petition in future proceedings with the violation(s) previously reported to the Court on 06/13/2019.

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation Number | Nature of Noncompliance
---|---

3 | **Standard Condition # 2**: After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when to report to the probation officer, and you must report to the probation officer as instructed.

**Supporting Evidence**: Mr. Blakeley failed to report to the probation office as directed on June 27, 2019.

The undersigned officer attempted to contact Mr. Blakeley by phone on June 25, 2019.  A voice mail and text message were left.  Those messages have gone unanswered.

On June 26, 2019, the undersigned officer attempted to contact Mr. Blakeley at his address of record.  A business card was left in the door instructing Mr. Blakeley to report to the probation office on June 27, 2019.  In addition, an attempt to contact him by phone was unsuccessful, therefore, a voice mail was left.  That message has gone unanswered as well.  A phone call was made to the property manager who informed the undersigned officer that Mr. Blakeley is no longer staying at the residence.  He failed to report on June 27, 2019, as directed, and it appears Mr. Blakeley has absconded.

Prob12C
Re: Blakeley, Brandon W.
June 27, 2019
Page 2

On May 29, 2019, Mr. Blakeley signed his judgment relative to case number 2:17CR00152-RMP-1, acknowledging he understood all conditions of supervision to include standard condition number 2, requiring him to report to the probation officer as instructed.

4	**Standard Condition # 5**: You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 calendar days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

**Supporting Evidence**: Mr. Blakeley is alleged to have moved from his primary residence, and failed to inform the undersigned officer, on or about June 26, 2019.

On June 26, 2019, the undersigned officer attempted to contact Mr. Blakeley at his primary residence and no one answered the door. The undersigned reached out to the property manager of the clean and sober residence. The property manager informed the undersigned officer that Mr. Blakeley no longer resided at the residence. Allegedly, Mr. Blakeley had told the property manager that the undersigned officer had given him permission to reside at a residence of a dying family member, which was false information. The property manager did not know where Mr. Blakeley had been staying, and his whereabouts are unknown.

On May 29, 2019, Mr. Blakeley signed his judgment relative to case number 2:17CR00152-RMP-1, acknowledging he understood all conditions of supervision to include standard condition number 5, requiring him to notify the undersigned officer if he plans on changing his living arrangements.

5	**Special Condition # 6**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: On June 17, 2019, Mr. Blakeley is alleged to have used methamphetamine.

On June 18, 2019, Mr. Blakeley attended his chemical dependency evaluation at Pioneer Human Services. He provided a urine sample which tested presumptive positive for methamphetamine. He signed a drug use admission form admitting to methamphetamine use on June 17, 2019.

In addition, on June 25, 2019, the color of the day for urinalysis testing was brown 1, Mr. Blakeley's assigned color for urinalysis testing. He was instructed to call the color line daily and provide a urine sample before 7 p.m. at Pioneer Human Services if his color was called. On June 25, 2019, Mr. Blakeley failed to appear for his urinalysis test.

On May 29, 2019, Mr. Blakeley signed his judgment relative to case number 2:17CR00152-RMP-1, acknowledging he understood all conditions of supervision to include special condition number 6, prohibiting him from using illegal controlled substances and submit to urinalysis testing.

| | |
|---|---|
| 6 | **Special condition # 5:** You must undergo a substance abuse evaluation and, if indicated by a license/certified treatment provider, enter into and successfully complete an approved substance abuse treatment program, which could include inpatient treatment and aftercare upon further order of the court.  You must contribute to the cost of treatment according to your ability to pay.  You must allow full recipicrol disclosure between the supervising probation officer and treatment provider. |

**Supporting Evidence:** On June 25, 2019, Mr. Blakeley failed to attend his admit appointment at Pioneer Human Services to begin intensive outpatient treatment.

On June 18, 2019, Mr. Blakeley participated in a drug and alcohol evaluation at Pioneer Human Services.  He was directed to return on June 25, 2019, for his admit appointment and to begin intensive outpatient treatment.  On June 25, 2019, the undersigned officer was informed by Pioneer Human Services staff that Mr. Blakeley was a "no call/no show."

On May 29, 2019, Mr. Blakeley signed his judgment relative to case number 2:17CR00152-RMP-1, acknowledging he understood all conditions of supervision to include special condition number 5, requiring him to participate and complete in any recommended treatment.

The U.S. Probation Office respectfully recommends the Court to incorporate the violation(s) contained in this petition in future proceedings with the violation(s) previously reported to the Court, and that the Court issue a **warrant.**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:   06/27/2019

s/Corey M. McCain

Corey M. McCain
U.S. Probation Officer

Prob12C
**Re: Blakeley, Brandon W.**
**June 27, 2019**
**Page 4**

THE COURT ORDERS

- [ ] No Action
- [X] The Issuance of a Warrant
- [ ] The Issuance of a Summons
- [X] The incorporation of the violation(s) contained in this petition with the other violations pending before the Court.
- [ ] Defendant to appear before the Judge assigned to the case.
- [X] Defendant to appear before the Magistrate Judge.
- [ ] Other

*Rosanna Malouf Peterson*

Signature of Judicial Officer

6/27/2019

Date